```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA

DOBSON BROTHERS CONSTRUCTION, )
Company, a Nebraska           )
corporation,                  )
                              )
            Plaintiff,        )          4:08CV3103
                              )
      v.                      )
                              )
RATLIFF, Inc., an Oklahoma    )      MEMORANDUM AND ORDER
corporation, and AMERICAN     )
CONTRACTORS INDEMNITY,        )
Company, a California         )
corporation,                  )
                              )
            Defendants.       )
                              )
```

The defendant and counterclaimant, Ratliff, Inc. ("Ratliff") has filed a motion to compel arbitration. Filing 33. The motion has been assigned to the undersigned magistrate judge for a report and recommendation.

The court's determination of whether this case must be arbitrated rests, in part, on the interpretation and application of the following contract clause:

> Payment disputes between the Contractor and subcontractors relating to allocation of chargeable contract time and any resultant liquidated damages, quantity or quality of items of work subject to a subcontract or other agreement shall be referred to a neutral alternative dispute resolution forum for hearing and decision with the costs for such mediation or arbitration to be shared equally by the parties. . . .

Filing 35-12, at CM/ECF p. 3.

Ratliff argues that the foregoing clause mandates arbitration because it requires a "hearing and decision" of the

parties' dispute through alternative dispute resolution processes. See filing 49, (Ratliff reply brief), p. 3 (arguing arbitration is required because 'a plain reading of the relevant contract language shows that the parties are required to submit disputes to ADR for "hearing and decision"'). The plaintiff argues that the clause does not permit referral to binding arbitration because "mediation" remains an available alternative dispute resolution mechanism under the express language of the clause. See filing 47, (plaintiff's brief), p. 6 (arguing the case cannot be referred to binding arbitration over plaintiff's objection because the language of the ADR clause "does not mandate arbitration as the sole choice of alternative dispute resolution("ADR")mechanisms"). In other words, the arguments advanced by both the plaintiff and Ratliff are based on a facial interpretation of the language of the contract's ADR clause.

Assuming without presently deciding that the language of the ADR clause at issue does not require arbitration, but rather allows a choice of mediation or arbitration as ADR methods, the issue arises as to whether the clause requires or permits referral to binding arbitration once a party selects arbitration as the chosen ADR method for resolving the parties' dispute. In other words, aside from the parties' arguments concerning the meaning of the clause on its face, as applied to the facts presented, is the court required or authorized to refer the parties' dispute to binding arbitration based on Ratliff's unilateral decision to demand arbitration instead of mediation as the ADR method? See, American Italian Pasta Co. v. Austin Co., 914 F.2d 1103 (8th Cir. 1990)(holding that arbitration was mandatory upon one party's demand where the contract provision stated that if settlement efforts were unsuccessful, the dispute between the parties "may" be submitted to arbitration); Howard

Fields & Associates v. Grand Wailea Co., 848 F. Supp. 890 (D. Haw. 1993)(referring a dispute to binding arbitration where the parties agreed to "meet promptly to negotiate, mediate, or arbitrate any claim" arising out of the contract; although arbitration was not the exclusive remedy, it was nonetheless an agreed upon method of dispute resolution under the contract). The parties have not specifically identified and briefed this issue.

The court is reluctant to issue a report and recommendation which raises and may discuss an issue not thoroughly briefed by the parties. The parties will be afforded an opportunity to submit additional briefs addressing the issue identified above.

IT THEREFORE HEREBY IS ORDERED:

(1) On or before September 19, 2008, defendant and counter claimant, Ratliff, Inc., shall file a supplemental brief addressing the issue identified in the body of this memorandum and order.

(2) The plaintiff is given until September 29, 2008 to file a responsive brief.

(3) No reply brief shall be filed absent leave of the court for good cause shown.

DATED this 11th day of September, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge