IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOBSON BROTHERS CONSTRUCTION, Company, a Nebraska corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>RATLIFF, Inc., an Oklahoma corporation, and AMERICAN CONTRACTORS INDEMNITY, Company, a California corporation,<br><br>        Defendants. | 4:08CV3103<br><br>**MEMORANDUM AND ORDER** |

Before me is Judge Piester's typically well-reasoned report and recommendation (filing 66) advising that Ratliff's motion to compel arbitration against Dobson (filing 33) should be granted. After considering Dobson's statement of appeal (filing 77) and brief (filing 78), and applying a de novo standard of review, I will adopt the report and recommendation. However, I will hold off requiring arbitration for a short time so that Judge Piester may also submit another report and recommendation on related matters.

I agree with most everything that Judge Piester wrote. Greatly simplified and condensed for clarity, the basic reasoning of his decision goes something like this:

> The language of the various documents, which merged to form one contract by virtue of "incorporation by reference" language, requires binding arbitration, despite use of the words "mediation or arbitration," because the parties also used the words "for hearing and decision" when describing the conclusive nature of the process. Those words–"for hearing and decision"–make it plain that the parties agreed to a dispute resolution mechanism that was binding rather than non-binding even though it is also true that the parties characterized the process as one involving "mediation or arbitration." If the parties had truly envisioned an alternative that was merely advisory, they would not have used the words "for hearing and decision" when defining the entire process.

This makes good sense. Moreover, it is in keeping with the law.

The bonding company, American Contractors Indemnity (ACI), has filed a motion for judgment on the pleadings as against Dobson. (Filing 42.) After Judge Piester issued his report and recommendation regarding Ratliff's motion, Dobson filed a motion to compel arbitration against ACI (filing 67) and to stay the litigation. Although it is not clear, I presume that Dobson's motion is made as an alternative to Dobson's objection to Judge Piester's report and recommendation requiring arbitration between Dobson and Ratliff.

In any event, I will refer AIC's motion for judgment on the pleadings and Dobson's motion to compel arbitration to Judge Piester for a report and recommendation. In that report and recommendation, Judge Piester should also address the question of whether the court should stay or dismiss this federal litigation when compelling arbitration against any party. Judge Piester should give all parties (Dobson, Ratliff and ACI) an additional opportunity to address that question.

IT IS THEREFORE ORDERED that:

1. The report and recommendation (filing 66) is adopted. Dobson's statement of appeal (filing 77) to the report and recommendation is denied. Ratliff's motion to compel arbitration against Dobson (filing 33) is granted. Those parties are, however, directed not to proceed to arbitration until further order of this court.

2. ACI's motion for judgment on the pleadings as against Dobson (filing 42) and Dobson's motion to compel arbitration as against ACI (filing 67) are referred to Judge Piester for a report and recommendation. In that report and recommendation, Judge Piester should also address the question of whether the court should stay or dismiss this federal litigation when compelling arbitration against any party. Judge Piester should give all parties (Dobson, Ratliff and ACI) an additional opportunity to address that question.

DATED this 12th day of December, 2008.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge