```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| DOBSON BROTHERS CONSTRUCTION, Company, a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3103 |
| v. | ) ) | |
| RATLIFF, Inc., an Oklahoma corporation, and AMERICAN CONTRACTORS INDEMNITY, Company, a California corporation, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

Pending before me for a report and recommendation is plaintiff Dobson Brothers Construction, Company's motion to compel arbitration of its dispute against Defendant American Contractors Indemnity, Company, ("ACIC"). Dobson argues that the ODOT/Dobson prime contract, Dobson/Ratliff subcontract, and ACIC-issued payment and performance bonds, considered collectively, require arbitration of the entire Dobson/ACIC dispute; ACIC argues that no pre-dispute agreement to arbitrate exists. However, in its brief, ACIC states:

> ACIC is will willing to concede that the interests of judicial economy and avoidance of piecemeal litigation are best served if all issues contained in ODOT specification 109.11, (specifically payment disputes that relate to the allocation of chargeable contract time and resultant liquidated damages, and any quantity or quality of work subject to the contract) are proper subjects for arbitration and ACIC will agree to be bound along with its principal to the determination of the arbitrator with regard to payment disputes.

Filing No. 74, at CM/ECF p. 6.

Assuming, without presently deciding, that ACIC cannot be compelled to arbitrate based on any pre-dispute contractual agreement, and that any arbitration of the Dobson/ACIC dispute must be limited by the scope of ACIC's post-dispute consent to arbitrate, it is unclear what issues raised by the parties' pleadings would, or would not, be subject to arbitration. More importantly, from reading the briefs, particularly the briefs on ACIC's motion for judgment on the pleadings, it is unlikely the parties will agree on what issues are within the scope of ACIC's consent to arbitration.

Whether a particular dispute issue is arbitrable is a question for the court to decide. Lipton-U.City, LLC v. Shurgard Storage Centers, Inc., 454 F.3d 934, 937 (8th Cir. 2006). The court is mindful that Dobson's lawsuit was filed almost nine months ago, and it is reluctant to ask for yet another series of briefs from the parties, but it appears from the filed submissions that Dobson did not anticipate ACIC's consent to partial arbitration of the issues. The parties have not fully explored and explained to the court, with specificity, their respective positions on what issues raised by the pleadings would be subject to arbitration if the court orders only partial arbitration of the Dobson/ACIC dispute based on ACIC's post-dispute consent alone. Therefore, in the interest of promoting judicial economy, clarity, and a thorough evaluation of the arbitration questions raised and referred to the undersigned for a report and recommendation,

IT IS ORDERED:

(1) On or before February 16, 2009, Dobson and ACIC shall each file briefs outlining their respective positions concerning what issues, claims, and defenses raised by

      the pleadings are, or are not, encompassed within "payment disputes that relate to the allocation of chargeable contract time and resultant liquidated damages, and any quantity or quality of work subject to the contract," (filing no. 74, at CM/ECF p. 6).

(2) Any responsive brief shall be filed on or before February 23, 2009.

(3) No reply briefs shall be filed absent leave of the court for good cause shown.

(4) Defendant Ratliff may file, but is not required to file, briefs on the issues and in accordance with the schedule set forth in paragraphs (1) through (3) of this order.

DATED this 6th day of February, 2009.

                      BY THE COURT:

                       s/ *David L. Piester*
                       David L. Piester
                       United States Magistrate Judge