IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOBSON BROTHERS CONSTRUCTION COMPANY, a Nebraska corporation, | ) ) ) ) ) | 4:08CV3103 |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| RATLIFF, INC., an Oklahoma corporation, and AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on a report and recommendation by Magistrate Judge Piester (filing 98) which recommends that the motion to compel arbitration (filing 67) filed by plaintiff Dobson Brothers Construction Company ("Dobson") against defendant American Contractors Indemnity Company ("ACIC") be granted in part and denied in part, and that the motion for judgment on the pleadings filed by ACIC against Dobson (filing 42) be stayed pending the previously-ordered arbitration of the payment dispute between Dobson and defendant Ratliff, Inc. ("Ratliff").

Plaintiff Dobson has objected (filings 99 & 100) to the portion of the report and recommendation that concludes that ACIC should not be compelled to arbitrate all issues in this case. Dobson explicitly does *not* object to the magistrate judge's conclusion that all issues between Dobson and ACIC should be stayed pending any arbitration that is to occur.[1]

---

[1] I previously adopted (filing 82) another of Magistrate Judge Piester's reports and recommendations (filing 66) and granted Ratliff's motion to compel arbitration

I have conducted a de novo review of Magistrate Judge Piester's report and recommendation pursuant to 28 U.S.C. § 636(b)(1). I find that inasmuch as the magistrate judge has fully, carefully, and correctly found the facts and applied the law, the report and recommendation should be adopted for the reasons stated therein.

Accordingly,

IT IS ORDERED:

1. The magistrate judge's report and recommendation (filing 98) is adopted.

2. Plaintiff Dobson's objections (filing 99) to the report and recommendation are denied.

3. The motion to compel arbitration, consolidate proceedings, and stay litigation (filing 67) filed by plaintiff Dobson against defendant American Contractors Indemnity Company is denied in part and granted in part as follows: (a) the motion (filing 67) is denied insofar as the motion requests compelled arbitration of plaintiff Dobson's claims against defendant American Contractors Indemnity Company; and (b) the motion (filing 67) is granted insofar as it requests that this litigation be stayed pending conclusion of arbitration proceedings.

4. Plaintiff Dobson and defendant Ratliff may now proceed to arbitration.

---

against Dobson. However, I directed that Ratliff and Dobson not proceed to arbitration until another report and recommendation was prepared addressing ACIC's motion for judgment on the pleadings against Dobson (filing 42) and Dobson's motion to compel arbitration and stay litigation against ACIC (filing 67). Magistrate Judge Piester was also requested to address the question of whether the court should stay or dismiss this federal litigation when compelling arbitration against any party. (Filing 82, at 2.)

5.    Pursuant to the post-dispute consent provided by defendant American Contractors Indemnity Company, such defendant shall be bound along with defendant Ratliff to the arbitrator's determination of the amounts owed, if any, by Ratliff to Dobson on the principal obligation.

6.    The arbitrator handling the dispute between plaintiff Dobson and defendant Ratliff shall issue an opinion that states whether Ratliff raised personal defenses to liability in the arbitration proceedings and the extent to which those defenses impacted any amount awarded to Dobson.[2]  Such opinion shall thoroughly explain the factual and legal basis for any amount awarded to Dobson.[3]

7.    The motion for judgment on the pleadings (filing 42) filed by defendant American Contractors Indemnity Company against plaintiff Dobson is stayed pending arbitration of the payment dispute between plaintiff Dobson and defendant Ratliff;

8.    This case is stayed pending arbitration between plaintiff Dobson and defendant Ratliff;

9.    Every 60 days from the date of this order, counsel for plaintiff Dobson and defendant Ratliff shall file a joint status report with the court regarding the progress of arbitration proceedings.

---

[2] As explained by Magistrate Judge Piester, if Ratliff successfully raises personal defenses to liability in the arbitration proceedings, ACIC may not be entitled to raise these defenses to the principal obligation.  (Filing 98, at 26.)

[3] Magistrate Judge Piester's report and recommendation points out that such an explanation is necessary "so that the court, in ruling on whether and to what extent ACIC may be liable on the bond, can also determine the extent to which the Dobson/Ratliff arbitration award was contemplated and secured under the terms of the ACIC-issued payment and performance bonds." (Filing 98, at 26.)

March 27, 2009.                                           BY THE COURT:
                                                          s/ *Richard G. Kopf*
                                                          United States District Judge