IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOBSON BROTHERS CONSTRUCTION, Company, a Nebraska corporation, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3103 |
| | ) | |
| v. | ) | |
| | ) | |
| RATLIFF, Inc., an Oklahoma corporation, and AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporat, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | | |

This matter is before the court on Plaintiff Dobson Brothers Construction Company's ("DBC") Motion to Compel responses to discovery from Defendant American Contractors Indemnity Company ("ACIC"), (filing no. 137).   For the reasons set forth below, the court will require additional briefing on the pending motion.

FACTUAL BACKGROUND

DBC filed suit against ACIC and co-defendant Ratliff, Inc. ("Ratliff") on May 14, 2008, (filing no. 1).  DBC's claims against Ratliff were subject to mandatory arbitration, and pending that arbitration, the court stayed the litigation of claims filed against ACIC.  The stay was lifted on February 20, 2011 after the arbitration award as to the claims between DBC and Ratliff became final.  Discovery commenced and was initially due to be completed by July 21, 2011, (filing no. 121).

The parties served and responded to various forms of discovery and conducted depositions.  On or about May 20, 2011 the parties began communicating regarding the scheduling of ACIC's representatives Frank Lanak and Gregory Chin.  Filing No. 138-1 ¶ 7(b).  The parties had difficulty scheduling the depositions in a timely manner and the parties filed a

joint motion to extend the discovery and deposition deadline until August 31, 2011. The depositions were scheduled for July 19-20, 2011. Filing No. 138-1, ¶7(f). The court entered an order granting the motion and also ordering all dispositive motions to be filed by September 30, 2011. Filing No. 125. The order also made clear that if the parties filed any dispositive motions after August 31, 2011, the trial would have to be continued. Id.

Due to the illness of one of ACIC's attorneys, the depositions of Lanak and Chin were eventually rescheduled for August 24, 2011 in Los Angeles, California. Filing No. 138-1 ¶7(i). The parties did not move to extend the discovery deadline. On August 26, 2011, DBC served American Counsel with a Second Request for Production of Documents and a Third Set of Interrogatories via email. Filing No. 138-1 ¶7(l). On August 31, 2011, ACIC filed a motion for summary judgment. On September 6, 2011 ACIC informed BDC that it objected to the discovery requests on the basis of timeliness and relevancy. Filing Nos. 138-1 ¶7(n), 143-2 & 143-3. Subsequently, ACIC also objected on the grounds that the requests were unduly burdensome. Filing No. 138-1 ¶7(p). Despite the parties' good faith effort, they could not resolve the dispute over the outstanding requests leading the filing of the motion to compel by DBC.

The following discovery requests are in dispute:

1.      Interrogatories

INTERROGATORY NO. 1. Please state whether the performance bond identified as Exhibit A to these interrogatories is based on one or more standardized documents utilized by ACIC to issue performance bonds. To the extent that the answer is in the affirmative, please identify the documents that form the basis of Exhibit A.

INTERROGATORY NO.3. Please identify the number of performance bonds issued by ACIC in each of the following years: 2010, 2009, 2008, 2007, 2006, and 2005.

2

INTERROGATORY NO.5. To the extent that ACIC has ever paid a claim on a performance bond during the years 2005 through and including 2010, please state when such claims were paid or settled and to whom any such payments were made.

INTERROGATORY NO.6. Please identify all notices upon which a performance bond claim payment was made during the years 2005 through and including 2010 and the performance bond under which each such notice was submitted.

2.      Requests for Production

1.      To the extent that either Exhibit A (identified in interrogatories) is based off of one of more documents utilized by ACIC to issue performance bonds or the alphanumeric code at the bottom right of Exhibit A identifies such a document utilized by ACIC, please produce a copy of each such document and any modifications or subsequent revisions or editions of the same since the time that any such document went into usage.

2.      Please provide a copy of the form referenced by ACIC's designed representative on August 24, 2011, that served as a basis of Exhibit A and other bonds issued by ACIC.

3.      Please produce all other forms or documents utilized by ACIC for the issuance of a performance bond.

4.      Please produce copies of all performance bonds issued during the years 2005 through and including 2010 on which ACIC paid or settled a claim.

5.      Please produce copies of all notifications received by ACIC in connection with performance bonds on which ACIC paid or settled a claim during the years 2005 through and including 2010.

LEGAL ANALYSIS

Generally speaking, the scope of permissible discovery is extremely broad and parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is not unlimited.

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. Kramer v. Boeing Co., 126 F.R.D. 690, 692 (D.Minn.1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122 (S.D.N.Y.1986), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Further the party opposing the motion to compel must provide specific explanations or factual support as to how each request is improper. St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).

4

Although, "[t]he fact that production of documents would be burdensome and expensive and would hamper a party's business operation is not a reason for refusing to order production of relevant documents," ( Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (internal citations omitted)), the court must consider whether the burden or expense is "undue" and the "hardship is unreasonable in the light of the benefits to be secured from the discovery." Id. (quoting Wright, Miller & Marcus, Federal Practice and Procedure § 2214, p. 435 (1994)).

The plaintiff claims it needs the requested discovery to respond to ACIC's motion for summary judgment and, ultimately, for trial. The defendant has asserted that none of the contested requests for production seek relevant material.  That is, to the extent the requests seek historical information or other examples in which ACIC was informed of a default under the terms of a performance bond, ACIC claims the information is not relevant to the current dispute between ACIC and DBC.

The case currently before the court involves a specific agreement between ACIC and Ratliff entered into for the benefit of DBC.  Although the plaintiff asserts that the information sought in the disputed discovery requests is "clearly relevant," (filing no. 142, p. 3), the court needs additional briefing on the issue.  Specifically, a core dispute between the parties appears to be whether the content of the notice served by DBC on defendant ACIC was sufficient to secure DBC's right to assert a claim under the terms of the performance bond for Ratliff's alleged default.  It appears this issue is governed by the "four corners" of the performance bond at issue.  Therefore, the court does not know, and no law has been cited to explain:

- how ACIC's course of dealing with other parties would affect the outcome of this litigation in any way.  See, e.g., Neb. Rev. Stat. U.C.C. § 1-303 (noting "course of dealing" and "course of performance" involve past and present conduct between the parties);

5

- how the verbage of "default" notices served on ACIC in other cases, and ACIC's response to those notices, is relevant to deciding whether ACIC's violated the terms of the performance bond in this case; particularly if the notice provisions of other performance bonds differ from the language used in the Dobson/Ratliff bond, or the performance bonds in other cases are governed by differing state laws;

- how the content of any default notices, and ACIC's determination of bond coverage, made after December 12, 2007 (when DBC notified ACIC in this case, filing no. 1, ¶¶ 14, 16), could be relevant to determining how ACIC should have responded to DBC's notice, or DBC's understanding of the notice requirements.

To assure the issues on the parties' motion to compel can be adequately addressed, in the first instance, by the undersigned magistrate judge,

IT IS ORDERED:

1)   On or before November 23, 2011, the plaintiff shall file a supplemental brief addressing the relevancy issues raised in this memorandum and order.

2)   Any response by defendant ACIC shall be filed on or before December 2, 2011.

DATED this 16th day of November, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.