IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOBSON BROTHERS CONSTRUCTION, Company, a Nebraska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3103 |
| v. | ) ) | |
| RATLIFF, Inc., an Oklahoma corporation, and AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporat, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

This matter is before the court on Dobson Brothers Construction's ("DBC") motion to compel, (filing no. 137). For the reasons set forth below, the motion is denied.

FACTUAL BACKGROUND

DBC filed suit against American Contractors Insurance Company ("ACIC") and co-defendant Ratliff, Inc. ("Ratliff") on May 14, 2008, (filing no. 1). DBC's claims against Ratliff were subject to mandatory arbitration, and pending that arbitration, the court stayed the litigation of claims filed against ACIC. The stay was lifted on February 20, 2011 after the arbitration award as to the claims between DBC and Ratliff became final. Discovery commenced and was initially due to be completed by July 21, 2011, (filing no. 121).

The parties served and responded to various forms of discovery and conducted depositions. On or about May 20, 2011 the parties began communicating regarding the scheduling of depositions for ACIC's representatives Frank Lanak and Gregory Chin. Filing No. 138-1 ¶ 7(b). The parties had difficulty scheduling the depositions in a timely manner

and the parties filed a joint motion to extend the discovery and deposition deadline until August 31, 2011. The depositions were scheduled for July 19-20, 2011. Filing No. 138-1, ¶7(f). The court entered an order granting the motion to continue and also ordered that all dispositive motions to be filed by September 30, 2011. Filing No. 125. The order also made clear that if the parties filed any dispositive motions after August 31, 2011, the trial would have to be continued. Id.

Due to the illness of one of ACIC's attorneys, the depositions of Lanak and Chin were eventually rescheduled for August 24, 2011 in Los Angeles, California. Filing No. 138-1, ¶7(i). The parties did not move to extend the discovery deadline. On August 26, 2011, DBC served American Counsel with a Second Request for Production of Documents and a Third Set of Interrogatories via email. Filing No. 138-1, ¶7(l). On August 31, 2011, ACIC filed a motion for summary judgment. On September 6, 2011 ACIC informed BDC that it objected to the discovery requests on the basis of timeliness and relevancy. Filing Nos. 138-1, ¶7(n), 143-2 & 143-3. Subsequently, ACIC also objected on the grounds that the requests were unduly burdensome. Filing No. 138-1, ¶7(p). Despite the parties' good faith effort, they could not resolve the dispute over the outstanding requests. DBC filed the pending motion to compel.

The following discovery requests are in dispute:

1. Interrogatories

INTERROGATORY NO. 1. Please state whether the performance bond identified as Exhibit A to these interrogatories is based on one or more standardized documents utilized by ACIC to issue performance bonds. To the extent that the answer is in the affirmative, please identify the documents that form the basis of Exhibit A.

INTERROGATORY NO.3. Please identify the number of performance bonds issued by ACIC in each of the following years: 2010, 2009, 2008, 2007, 2006, and 2005.

INTERROGATORY NO.5. To the extent that ACIC has ever paid a claim on a performance bond during the years 2005 through and including 2010, please state when such claims were paid or settled and to whom any such payments were made.

INTERROGATORY NO.6. Please identify all notices upon which a performance bond claim payment was made during the years 2005 through and including 2010 and the performance bond under which each such notice was submitted.

2. Requests for Production

1. To the extent that either Exhibit A (identified in interrogatories) is based off of one of more documents utilized by ACIC to issue performance bonds or the alphanumeric code at the bottom right of Exhibit A identifies such a document utilized by ACIC, please produce a copy of each such document and any modifications or subsequent revisions or editions of the same since the time that any such document went into usage.

2. Please provide a copy of the form referenced by ACIC's designed representative on August 24, 2011, that served as a basis of Exhibit A and other bonds issued by ACIC.

3. Please produce all other forms or documents utilized by ACIC for the issuance of a performance bond.

4. Please produce copies of all performance bonds issued during the years 2005 through and including 2010 on which ACIC paid or settled a claim.

5. Please produce copies of all notifications received by ACIC in connection with performance bonds on which ACIC paid or settled a claim during the years 2005 through and including 2010.

DBC's motion to compel was originally filed on September 29, 2011. Each party submitted briefs in support of their respective positions on the matter. However, I did not feel the parties adequately addressed the issue of relevance and instructed them to submit supplemental briefs addressing the following issues:

- how ACIC's course of dealing or performance with other parties would affect the outcome of this litigation in any way.

- how the verbage of "default" notices served on ACIC in other cases, and ACIC's response to those notices, is relevant to deciding whether ACIC violated the terms of the performance bond in this case; particularly if the notice provisions of other performance bonds differ from the language used in the Dobson/Ratliff bond, or the performance bonds in other cases are governed by differing state laws;

- how the content of any default notices, and ACIC's determination of bond coverage, made after December 12, 2007 (when Dobson notified ACIC in this case, filing no. 1, ¶¶ 14, 16), could be relevant to determining how ACIC should have responded to Dobson's notice, or Dobson's understanding of the notice requirements.

Having received the parties' supplemental briefing, the matter is fully submitted.


4. Please produce copies of all performance bonds issued during the years 2005 through and including 2010 on which ACIC paid or settled a claim.

5. Please produce copies of all notifications received by ACIC in connection with performance bonds on which ACIC paid or settled a claim during the years 2005 through and including 2010.

DBC's motion to compel was originally filed on September 29, 2011. Each party submitted briefs in support of their respective positions on the matter. However, I did not feel the parties adequately addressed the issue of relevance and instructed them to submit supplemental briefs addressing the following issues:

- how ACIC's course of dealing or performance with other parties would affect the outcome of this litigation in any way.

- how the verbage of "default" notices served on ACIC in other cases, and ACIC's response to those notices, is relevant to deciding whether ACIC violated the terms of the performance bond in this case; particularly if the notice provisions of other performance bonds differ from the language used in the Dobson/Ratliff bond, or the performance bonds in other cases are governed by differing state laws;

- how the content of any default notices, and ACIC's determination of bond coverage, made after December 12, 2007 (when Dobson notified ACIC in this case, filing no. 1, ¶¶ 14, 16), could be relevant to determining how ACIC should have responded to Dobson's notice, or Dobson's understanding of the notice requirements.

Having received the parties' supplemental briefing, the matter is fully submitted.

LEGAL ANALYSIS

Generally speaking, the scope of permissible discovery is extremely broad and parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is not unlimited.

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. Kramer v. Boeing Co., 126 F.R.D. 690, 692 (D.Minn.1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122 (S.D.N.Y.1986), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Further, the party opposing the motion to compel must provide specific explanations or factual support as to how each request is improper. St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).

"The fact that production of documents would be burdensome and expensive and would hamper a party's business operation is not a reason for refusing to order production of relevant documents." Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (internal citations omitted). The standard is whether the burden or expense is "undue" and whether the "hardship is unreasonable in the light of the benefits to be secured from the discovery." Id. (quoting Wright, Miller & Marcus, Federal Practice and Procedure § 2214, p. 435 (1994)). A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required. See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 209 F.R.D. 208, 213 (D. Kan. 2002).

The defendant has asserted that none of the contested requests for production or interrogatories seek relevant material. That is, to the extent the discovery requests seek historical information or other examples in which ACIC was informed of a default under the terms of a performance bond, that information is not relevant to the current dispute between ACIC and DBC. The defendant also asserts that the discovery requests place an undue burden on it and that DBC's requests were not timely filed.

In this case, I fail to see how the requested information regarding ACIC's course of dealings or course of performance with unrelated third parties has any relevance to this dispute. DBC has had two chances to provide this court with citation to any law holding the type of information requested is reasonably calculated to lead to the discovery of admissible evidence.

DBC asserts in its supplemental brief that "a key issue is going to be whether [DBC] complied with the notice requirements required by [the] bond." Filing No. 148, p. 7. However, DBC does not provide anything other than conclusory statements that ACIC's conduct with other parties is even minimally relevant to the litigation in this case. Contract

disputes are governed by the four corners of the agreement unless ambiguities exist. Strunk v. Chromy-Strunk, 270 Neb. 917, 939, 708 N.W.2d 821, 840 (2003). DBC does not assert the written agreement in this case is ambiguous, or that it must be interpreted consistent with some industry standard applicable to performance bond notice provisions. Twice given the opportunity to address the legal significance of ACIC's prior course of dealings or performance with unrelated third parties, DBC has failed to direct this court to any case or other binding authority that holds such conduct is in any way relevant to a dispute between DBC and ACIC.[1] See generally, Rosen-Novak Auto Co. v. Honz, 783 F.2d 739, 742 (8th Cir. 1986)(discussing the course of dealing between an insurer and specific insured to establish a course of dealing to support a claim of waiver or estoppel); Peterson v. Cornhusker Cas. Co., 238 Neb. 173, 175, 469 N.W.2d 553, 555 (1991)(finding an insurer has no particular duty to inform an insured of the expiration of a policy unless "the insurer has by custom or course of dealing with the particular insured" created such a duty); Restatement (Second) of Contracts § 202(4)(prior course of performance between the parties is given great weight in interpretation of a contract). In short, DBC has not met its threshold relevance requirement for the discovery at issue in this motion.

Even if the court found the disputed requests seek relevant information, any such relevance would be far too minimal to overcome the undue burden of production placed on

---

[1] DBC does cite to the case of Factory Mutual Ins. Co. v. Nebraska Beef, Inc., No. 8:09cv159, 2010 WL 1553458 (D. Neb. April 15, 2010) a case involving an insurance dispute in which the Hon. Thomas D. Thalken allowed broad discovery. Simply put, the opinion in Factory Mutual Ins. does not address the specific questions I posed in the first Memorandum and Order issued on this motion. The Factory Mutual Ins. opinion makes no mention of the "course of performance" or "course of dealing" issues. Moreover, this court is not bound by Judge Thalken's opinion.

ACIC. Frank Lanak, the Senior Vice President of Claims for American Contractors, provided an affidavit stating the following:

- To produce the information that DBC seeks in its latest discovery to American Contractors would require American Contractor's employees to review hundreds (perhaps thousands) of claims files to determine what bond form was used, if the language of the form used on the unrelated claim was the same or substantially similar to the form of the performance bond tendered to DBC, and what correspondence and other information was tendered to and evaluated by American Contractors in resolving the claim and the similarity of the information to the information received from DBC on its claim on the performance bond in this case. Filing No. 146-4, ¶13.

- If American Contractors is forced to produce the information sought by DBC in its last discovery requests, it will have to reassign one or more employees to cull through the hundreds of claims files, which could take weeks or more than a month. Filing No. 146-4, ¶ 14.

- Assuming that American Contractors employees are able to review the hundreds of claims on which DBC seeks information and collect responsive documents and information, this Affiant, with assistance from American Contractor's counsel in this case, would then have to purge all responsive information of privileged materials to protect the privacy of other claimants and create an extensive privilege log, which would be both time consuming and expensive. Filing No. 146-4, ¶15.

ACIC has provided sufficient evidence of the substantial burden on ACIC if it is required to respond to the discovery requests. Even if the information of ACIC's dealing with others--in this and other states, on different contracts, and during different time periods– is minimally relevant to the claims now before the court, the burden of responding to such requests substantially outweighs the relevancy of the information to be obtained. See St. Paul Reinsurance Co., Ltd., 198 F.R.D. at 511-12 (finding the party opposing discovery must offer evidence " 'revealing the nature of the burden' "(internal quotations omitted)).

Finally, the court questions why the discovery requests were not made long ago. From the outset, ACIC has claimed the notice of claim was insufficient. If DBC believed ACIC's dealings with others was relevant to the notice issue, it could have served the discovery, quite literally, years ago. The case will not further be delayed by requiring ACIC to conduct weeks of document searches and redaction, followed by possibly months of further discovery on the information gleaned from those documents.

Accordingly,

IT IS ORDERED, plaintiff's motion to compel, (filing no. 137), is denied.

DATED this 8th day of December, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.